May it please the Court, Kevin Page for Mr. Parra-Chacon and I work for the Federal Public Defender. What happened to Mr. Parra-Chacon between 1999 and 2004 was a grave injustice. It was, in fact, a lengthy series of seven grave injustices. Four times he was forcibly removed from his own homeland and three times he was convicted and imprisoned for coming back to his homeland in spite of the government's duty to prove each time, beyond a reasonable doubt, that he was an alien. But it was proven. Either he pled or he went to trial. He did plead guilty. People plead guilty to things they don't do each time. The government has a duty to – Well, the Court has a duty to verify it, but he attested to it. I guess it goes to the point you were asked to come prepared to discuss because for me to hear a characterization of this case as one of entirely innocent has both factual and legal problems to it. First of all, he hasn't been adjudicated innocent of those. He certainly has, Your Honor. Those cases have not been – the convictions have not been vacated, but there is a finding, an intervening finding by a tribunal specialized to address questions of citizenship which has held that he is a citizen and was a citizen from the first moment. When did you submit that to the district court? You didn't? No. In other words, the first time it's ever been submitted into court was in November when it was supplemented to the record to us. That is – Are you asking us to adjudicate prior convictions as infirm? Well, in this case, it's undisputed. No, I'm asking you – when you say it's undisputed, that's very problematic for me because imagine if these were State convictions. Would you say a Federal court could just say, well, we've looked at them and we decide they're infirm? If there were a specialized body in the State that addressed a particular factual question that was an element of that case, then this Court could do that. But I do want to point out that – What case did you cite for the threshold proposition that a Federal sentencing court in the first instance can declare convictions void or nullities? What case in your brief did you cite for that proposition? There is no case. There is no case for that proposition. However, 3553a does not ask the Court to decide whether a conviction is valid or invalid. There are four points to make about Custis and Longstreet. The first one is that those cases involved adjudicate – involved construing a statute that asked a district court to count a defendant's convictions. Right? ACCA says count the defendant's convictions up, and if you get to three, give him 15 years. 4A1.1 says give criminal history points for each conviction. Count them up and give a criminal history score. But you know – I'm sure you've researched it – Custis and Longstreet have both been applied to the Federal upward departure guidelines context. Federal prior conviction leading to upward departure. That's what happened in Skilling. So if your argument is that you think Custis and Longstreet are limited to whatever this argument you're spinning out, is that because you've now researched the law that really should have been researched previously, and you're telling me that you know that Custis doesn't apply when a prior Federal conviction is used to enhance a sentence? Is that what you're saying? I can't see how it would – how it would apply to an enhancement under 35 – or an upward variance under 3553a. That – 3553a – What law do you have that Curtis and Longstreet, that suddenly Federal sentencing judges are vested with the power to just declare with nothing in front of them? You gave this district judge nothing. You didn't even give the certification that was mentioned in paragraph 53. The – that judge had before him the existence of that certificate. But he said these are convictions. They haven't been expunged. That's practically what Curtis has told you. It's a Supreme Court case. It is your job to take your clients' nonconvictions, ask for a continuance, and go vacate them. Well, we're not empowered to represent defendants in other districts. You can certainly get a lawyer. You can approach the government and say we need a continuance. Instead of creating a situation where you're asking a Federal judge to vacate a conviction that there's no evidence in front of the judge is – is a nullity. I – as the court approaches – as the case approaches this court in this – in the posture that it's in today, I would encourage the court to look at the cases cited in the motion to supplement the record. We agree of the motion to supplement. This is your authority. Okay. Those cases permit this court to look at the – to record evidence that has been submitted to the court in order to determine the correctness of a sentence, even though a district court didn't have that in front of it. Now, vacating a district court is not a judgment on the district court's thoroughness or – or – or reasonability. It is – We're vacating so it goes back to the district judge who can't do anything about this. Of course the district court can do something about it. The district court can, under 3553a, consider the defendant's innocence of – of his prior charges, and should. Well, I don't want to take all your questioning, but you keep using, and you did in your convictions, innocence. But all we've got is something you supplemented to us in November. And – That you – that is his birth certificate. It sure makes me think that he had ineffective counsel the three times he pled guilty. It makes me think he may have an ineffectiveness case against your office for not continuing the federal sentence and moving to vacate it. He may have any number of ways he can vacate those. I don't see any law that allows you to ask a federal sentencing judge in sentencing to vacate a prior. If you have that case, tell it to me. I don't. However, what we have is 3661, which says that a court – that a court shall consider all matters, all evidence before it in terms of sentencing. We have 3553, which doesn't say anything about counting convictions, determine the validity of convictions. Did you not know, Curtis? How did you not brief this? I did not understand that Custis – Custis, you're right. There. That's my mistake. Custis doesn't appear on point to me. Custis – Okay. So you really don't think Custis and Longstreet apply? No. I don't think they apply at all. And there's four reasons for that. All right. The first reason is that Custis and Longstreet have to do with provisions that involve counting convictions. And they have to do it with guidelines. 3553a is an open-ended, flexible directive that says be just. How is it just to increase a man's sentence because he suffered the injustice of having been forcibly removed from his homeland, three, and convicted of it? The sentencing judge said they haven't been expunged. He's not being unjust. He had nothing in front of him. Well, the court – the question for this Court is not whether the sentencing court was unjust, but whether the result was unjust. You're saying he committed 3553 error. Exactly. He did. He did. If you look at those cases, Charles and Palomares and cases that deal with considering facts that were added to the record, even though they weren't before the district court, this Court can consider that in determining whether the outcome of the decision was correct. And in this case, if the court labored under the misimpression that the defendant was not a citizen from birth, that is an incorrect assumption, and due process requires that the case be remanded. The second reason that those two cases are distinguishable is that in both of those cases there was a provision that told us specifically, that told the district court specifically, when to consider the invalidity of a conviction. In ACCA, it's 921, which says certain vacated convictions can be – should not be considered. And the court inferred that, therefore, no other evidence of invalidity was appropriate. In the same issue in 4A1.1, where 4A1.2 says that this does not create a right to a provision of dealing with 4A1.1. If this Court is to say – I mean, if this Court is to say that that means that 3553A cannot consider whether a defendant has been previously wrongfully convicted of something of which he is innocent, then I do not see how we can reach reasonable judgments under 3553A in that circumstance. The third reason that those are distinguishable is that in this case we have an intervening prior adjudication of the defendant's citizenship, which effectively demonstrates his innocence of his prior convictions. Custis and Longstreet don't have anything like that. They have a defendant coming in and saying, I want to introduce new evidence that shows that I was – that I was – well, it doesn't even – he didn't even say that he was innocent in those cases, which is another point I'll get to. But in those cases, there isn't – there isn't anything where another tribunal has said this element of the – of the… If the government hasn't propounded Custis, have you – do you have thoughts on whether they're unable to assert that line of authority? Number one. And oppositely, if we decide you're wrong in Custis and the law just says you're wrong, how can you help your client now? Have you thought that through? Well… Because no one wants – if we determine a defected in his sentence, no one wants somebody who isn't guilty of priors to have been enhanced because of them. Those are two separate questions. Yes. And under United States v. Tucker, if the – if those cases were vacated, if those prior cases were vacated, we could come back and give him a – and seek habeas relief. We have approached the Western District and asked them, will you agree to that? And they said no. Okay. And we have – we're seeking out of – the authorization for out-of-district representation. That's a little above my pay grade. That's something that has to be negotiated between – between defenders in order to do that. But we haven't been able to do that yet. I will say… That's good. You've approached them, and the second thing you've done is what? Is ask the defender who's agreed to seek out-of-district representation, but I'm not sure what it does. What about the other question I had? It is a tricky one for me. Is the government foreclosed from making a Custis argument at this point? I wish they were. I don't think they are. Because I think they can – well, they may be foreclosed from – they may be foreclosed from making it, but it doesn't bind you. It would be a waiver that doesn't bind you. Your arguments are just plain error and what? Invited error? Plain error and invited error. And that doesn't sound correct to me. And particularly, I want to call your attention to 204 on the record just to put that matter to rest. This statement in 204, nonetheless, we do object for all the reasons stated in our defendant's objection to the sentence imposed by the court – this is defense counsel – that being document number 32 of the court file, and for all the reasons we've stated here today at the sentencing hearing. So you have a specific formal objection to the sentence incorporating what he said previously, which was these should be accorded mitigating value. The plain error argument is fourth prong. He's a gang member and he had a ton, ton, ton of convictions. He had 15 convictions. None of them were assaultive. But the plain error analysis on the fourth prong asks us whether or not the sentence is – the sentence is – doesn't – excuse me – doesn't ask us whether the sentence affects the fairness, integrity, and public reputation of judicial proceedings. It asks us whether or not the error does. And I don't see how you can say that it doesn't affect the public reputation of judicial proceedings to give somebody more time, leverage a prior injustice like this in order to give somebody more time. The fourth point I want to make about Custis and Longstreet is that they are distinguishable because those cases didn't involve innocence. Those cases involved people coming to court and saying I had ineffective assistance of counsel or I had – I wasn't given enough warning about the nature of my plea before I made my plea. Innocence is a fundamental value. Not punishing innocent people is a fundamental value of our justice system. That Schlepp v. Dello, that is – Did this appeal? Did the defendant ever allege that he had ineffective assistance of counsel at any point? Did this appeal? Or below? With regard to any of the cases, did he at any point ever allege that he – his Sixth Amendment right to counsel was violated? He has not. He has relied on his conclusively established factual innocence, and that's certainly enough in habeas to get us out of all manner of procedural defaults. With regard to habeas, you can file second petitions. You can file what are known as abusive petitions if you demonstrate you're probably innocent or in the sentencing context that by clear and convincing evidence that you're innocent. Does the record reflect that he had counsel at those prior illegal reentry guilty pleas? It doesn't, but, I mean, that's not contested. I think he – he did. I mean, it was 1999, 2000, 2001, 2004. Those are federal guilty pleas, and the guy had a birth – he's a birthright citizen. And three times he pled guilty in federal court. That's right. I think that he probably didn't know. He was a – his birthright citizenship vests in him because his mother was a citizen and he was born in Juarez. And that's a – and that is a very uncomfortable fact about this case is that that – this problem does not happen to citizens born in the United States. It doesn't happen to people who are naturalized. It happens to people who have the citizenship by way of – the way that he has citizenship. And if we are really going to say that there are no second-class citizens in this – in this country and that nobody can ever be deprived of their citizenship or any portion of their – thereof, we cannot permit people's guilty pleas to offenses that involve alienage as an element to be used against them later on. And he was innocent of that, and this Court should remand. Thank you. May I please support? You know, your brief, it's four pages of argument. It's like six cases. I have to apologize to the Court. I viewed this case – this issue very narrowly as a mistake of fact. I think there are different ways to read the sentencing transcript. And the mistake of fact, I viewed it as – and I viewed the appellant as only appealing the misunderstanding that happened because of what defense counsel argued to Judge Means and that we didn't even get to the Custis-Longstreet issue because everything in that – in the transcript, the way I interpreted it, suggested that Mr. Parashakon had been – become a citizen only after his convictions. And so Judge Means deciding not to consider it was based on the invited error of the defense counsel. Really, it was based on, as this Court mentioned, the fact that the certificate of citizenship was not provided or even read into the record and that if you look at the record, Judge Means was asking – he was trying to understand the argument, and he was saying, when did Mr. Parashakon become a citizen? And the defense counsel gave an answer that showed that defense counsel – the best answer he had was 2005, which was after these convictions. And I want to read that passage. So there's no evidence of his status in the record before 2005. Exactly. And so that's what, you know, Judge Means was just trying to understand it. And I think, you know, I know that expungement statement is confusing. It was confusing to me, too. But my best reading of it, and I apologize if I was wrong, is that in light of everything that had happened before, Judge Means is like, I don't know why you're trying to keep talking about these convictions. You haven't shown me anything to even suggest that there was a problem with them. So the critical passage for me was this one on page 204 and 205 of the record. And Judge Means said, you pointed out that some of his convictions were for illegal entry or reentry, and I wonder if you know when he became a citizen. I went back through the pre-sentence report. I thought I saw that, and then I couldn't find it. And then defense counsel said it's on paragraph 53 on page 14. It notes that he obtained a certificate of citizenship on the 19th of August, 2005. Just read the final sentence of that. Yes. So then Judge Means says, there it is. Thank you. So the convictions, though, were, let's see, 2000, 2001, 2004. I just wanted to make sure I had a grasp of that. Thank you. So what's the final sentence in paragraph 53? Oh, yes. The final paragraph of that says, on August 19th, 2005, the defendant obtained a certificate of United States citizenship, and then it gives the certificate number. And it only would have been through looking at the certificate itself that Judge Means would have really even understood the argument, and that's why I asked to see it on appeal. I got it from Mr. Page, who had actually got it from the case agent, for purposes of appeal. So that leads me to believe that defense counsel didn't, had never seen it when he was arguing this. Once you get it on appeal, and once you have it now, the government isn't contesting that those three convictions are valid. It would seem like the government wouldn't press the position here. That's just my opinion. It would seem like a dialogue would occur. You could move our court to dismiss without prejudice to reinstate, get it back down, let them vacate things that the government doesn't think are priors. You can do all that. Instead of pressing it, I mean, the brief is pressing for us to affirm. It is. And it's plain error and invited error only. That means you're assuming there was error, or correct me if I'm wrong. I was assuming there was an error in terms of Judge Means even understanding of the argument. And so my assumption was if the court disagreed with me on pressing affirmance that it would remand so that Judge Means in the first instance could understand the argument, see the evidence, and then decide under Custis and Longstreet whether he could consider that. He never had an opportunity to do that. I don't think he ruled on that issue. But you haven't asked us to remand. You are defending this conviction. Because I think invited error applies very clearly based on that passage. Also based on the fact that defense counsel – I'm sorry. Slow down. Invited error applies. So when he does object, because defense counsel in sentencing did object, said those aren't valid, I'm a citizen, he's somehow inviting the opposite? He did not argue that Mr. – he did not ever clearly state that Mr. Pirichic— But invited error means he relinquishes something. He asks for the relief he gets. He nowhere says these should be enhancement convictions. What's your case remotely like this one for invited error, your best invited error? My best invited error case is an analogous. There is no case like this. Okay. So then from my standpoint, don't even press invited error. Because you've now researched this. You do know or don't know if those are valid convictions. My – so tell me your best plain error. If you've looked at this, he shouldn't have been guilty of three crimes, but you're still asking us to affirm a sentence based on them. If that's the government's position, you've consulted with higher-ups, that's the position you're pressing. That is not the position. Okay. Are you asking us to remand? Yes. You are. If the court does not find that it can affirm the sentence, and I still believe – I understand your position, Judge Higginson, but the government's position is that this is invited error. And I will tell you the case. The case I found that's most analogous is Martinez-Leon, and it is unpublished, but it is very recent, 689 Federal Appendix 355. And it was a case when the defense counsel objected to something, but then argued for sort of the wrong level enhancement. And the court gave him that enhancement. And on appeal, he argued for a greater deduction in offense level. And the court said, no, I'm sorry, you said the wrong thing at sentencing, and so we are going to find invited error. Here, defense counsel, I don't think he understood when Mr. Pierpichon became a citizen, and he told Judge Means the wrong date. And when I think of invited error, I think of what, in fairness to the district court, what was happening. And in fairness to the district court, Judge Means I don't think ever understood that this was the argument, the argument that was the Custis-Longstreet argument. Even if it's somehow, and I don't speak for my colleagues, somehow conceivably invited error, that we would then let stand. There is always an exception for invited error for manifest injustice. There is. So if, in fact, you've looked at this and he isn't guilty of those three, you're telling us it wouldn't be a manifest injustice for a sentence to be enhanced based on nullities? Yes. Okay. Because of the factors aside in my brief. But that's where I think really, and this is what I should have added to that brief, it's really relevant to whether there was a manifest injustice. Because the same factors that led the Supreme Court and this court in Custis-Longstreet to find that you could not collaterally attack a prior sentence in a sentencing proceeding, a federal sentencing proceeding, apply to show there's no manifest injustice. Just as you said, Judge Higginson, defense counsel could seek to have those convictions validated and then could move to reopen the sentencing proceeding. So that alone would show there's no manifest injustice. So, yeah, Mr. Parrish-O'Connor is not going to prevail in the initial sentencing or even, you know, at this point get to make the correct argument in front of Judge Means, but he has a second bite at the apple most likely. I mean, I can't say, like, the two things, the two avenues that I've identified from the case law in which he can attack this conviction or if he were still incarcerated, of course, it would be through a 2255 in the prior proceeding since they were federal convictions, but he's not. So possibly through a petition for writ of quorum nobis. And then, of course, he has to meet the standards for that. But that is a possible avenue for him to pursue. And my understanding is that is what is in the works now, is that they possibly will, if they get authorization, file a motion. And so there is no — The only way it could be done would be if, by agreement, you moved to dismiss without prejudice to reinstate. That brings it back down to Judge Means. You can say to Judge Means, reopen your sentencing. He could then say, I don't know if this is right or not. But he could then put it off, give them time to move to vacate, whatever. Or just give him the same sentence. Because I don't think it's — Well, that's true. I think it's possible that Judge Means would still give him the same sentence because of the fact that a posting counsel mentioned that Mr. Parashakone may not have even known he was a citizen. And he was — so his mindset at the time he reentered might have been that he was breaking the law. And I think Judge Means could take that into consideration and say, you know, to me, you still have 18 convictions worth of criminal conduct in your past. So, I mean, that's another reason. I don't think this is — it's really necessary for the court to reach the Custis-Longstreet issue here, although I think we'd win if you did. But there's a lot that — That is — you said several things that perplex me. One is, why is it not necessary? That is a vital principle. How — that's a threshold question. There are — Which, Your Honor? Which — I guess the first question I have is, factually, do you dispute that, in fact, he was a birthright citizen? I don't dispute that, based on the certificate. Okay. So, therefore, do you agree those convictions are legal nullities? They appear to be at this point. Okay. So once you've agreed to those two things, but if you accept that Custis — Curtis? Custis? Which is it? Custis, with an S. And Longstreet don't allow a federal sentencing judge to make that determination, then the U.S. government's got a lot of discretion and maybe obligation under Berger as to getting the right result, not just a conviction, to work very collaboratively so a man might not be in jail for things that you acknowledge are nullities. There's just — there is flexibility that can be done. Well, I'm not saying you have to, but you could — this can be argued to us exactly as you have, narrowly, four pages only, saying, invited error, he asked for this, essentially. He asked for this. Or it's sort of plain error. Right? I think that, you know, the issue is it's not — I think that the complicating factor in this case for the government, and really for me when I was writing this brief, is, you know, there are consequences that go beyond this case, even though I'm just going to say this is one of the weirdest cases I've ever seen in terms of what happened with Mr. Perciacone. As opposing counsel points out, this is not the normal way someone collaterally attacks a conviction. Right? And so this is — it's just a really weird case. And so I think it could — I think invited error could apply. And because Mr. Perciacone is not coming in here saying I tried to get them invalidated, but I couldn't, but, like, look at my certificate of citizenship. You know, it would have been nice if Judge Means had considered that. I think that would put us in a different place, that he hasn't tried to collaterally — he hasn't tried to invalidate the convictions in the avenue that Custis carved out for him to do. And he could do that — He didn't make that argument at all. I didn't see it as going that far because I really believe that Judge Means didn't have that argument before him. And yet he says they're not expunged, which is virtually what the Custis rule is. Yes. And I was reading that in the context of what had also happened. I mean, the other statements from defense counsel — defense counsel just said he didn't understand how Mr. Perciacone had become a citizen. And so he told Judge Means that. So he didn't say his mother was a citizen, he's a birthright citizen, that's why he got the certificate. He said, I think he — he was born in Mexico. I think he derived it from some family member. I'm not sure how. It would be conjecturing for me to say. And then, you know, the statement that comes the closest to suggesting that Mr. Perciacone was a citizen when he received those prior convictions was, you know, he received these convictions when it turned out he was a citizen. But he never said when it turned out that he was a citizen. And that's on pages 201 and 202 of the record. So my reading — and again, I apologize to the court. My reading was likely very much too narrow. But when I saw it, what struck me was Judge Means never had an opportunity to consider this argument. And that, to me, is invited error because it was solely because of defense counsel telling him, basically, he became a citizen in 2005 after these three convictions. He has another avenue for relief if he can get these invalidated in the Western District of Texas. So this is not as difficult as us saying go to, you know, the state of Texas and get prior state convictions validated. So he can go. He can file whatever motion he deems appropriate, possibly a motion of quorum nobis, and then move to Judge Means to reopen the sentencing proceeding. And that's our preferred avenue. Judge Means can't reopen if we have jurisdiction. That's true. So he probably contemplates a joint motion to dismiss this appeal with the right, 180 days later, to reinstate it. That is another possible avenue. That's not in front of us right now. Yeah. I . . . The government's belief is that invited error in allowing defense counsel on their timetable to file the motion would be fine. Your primary argument is invited error. Describe to me the error you are acknowledging. What is the error? That Judge Means, because of statements of defense counsel, was operating under the mistaken understanding that Mr. Perciacone only became a citizen after the last of his immigration convictions and that he never was presented with even the opportunity to consider . . . No, that's the invited part. But the error is what? The error is that Judge Means believed that Mr. Perciacone only became a citizen after his convictions when, in fact, the certificate, if you read it, shows that he became a citizen as of birth. Fair enough, actually. But, therefore, the error is he sentenced and he based his sentence on convictions that are legal nullities. Not yet determined, but the government acknowledges. Yes. Yes. Yes. Yes. That is exactly right. And I agree. What does the court do with this? Our preferred . . . Our strongly preferred route is invited error in allowing them a chance to just, on their timetable, go ahead and get these invalidated and then move to a new sentence that Judge Means gives, if he gives a new sentence. Like I said, there is a possibility he may give the same sentence. And so then, you know, we'd be . . . Does the certificate state on the face of it when citizenship happened, was bestowed? It's a very interesting certificate. It says that Mr. Perciacone proved to the satisfaction of the commissioner, and it used to be of the INS, that he is now a citizen of the United States, became a citizen thereof on August 23, 1977, his birthday. So it was his birthday. And that's how I knew that, yes, he had always been a citizen. And then I looked up the relevant statutes that confirmed that the way, if you have a parent who's a U.S. citizen, that you get a proof of citizenship, a pseudocertificate. But, of course, your citizenship attaches, you know, when you're . . . Right. It says on the face of it that citizenship was conferred at birth. Yes. And I don't think defense counsel had that, had the certificate, so I don't think he knew. I think maybe it's possible . . . There are innocent mistakes around. I mean . . . Yeah, oh, I . . . Federal courts previously took pleas because he probably pled straight up. Yes. But all of that fog is gone now. All of that's gone. And this officer of the court, he said he's got a dialogue with your office. He does have a dialogue. And you're here in front of us, but the moment you're still pressing that we affirm the sentences instead of asking us to get this back down. That's the government's position at the moment. At the moment, that is the government's position. Yes, because I see a path forward through invited error where he can still get the same relief, but it justifies . . . A path forward through invited error. So we affirm convictions that you acknowledge were premised, enhanced on things that are legal nullities, and that's because you think in post-conviction proceedings, I assume alleging ineffective assistance of counsel, he will prevail. But you know the standards of review get very heavy at that stage. I do. So there's a possibility he would lose, and therefore the government's position right now is, well, he's got this alternate path, and I wonder whether the government will concede and refer back to these proceedings and say, we were sure hopefully it would work out for him. I guess that will depend on the government's litigating posture. I mean, and that's where, Your Honor, that I think it's . . . The government has to look to how to treat cases like this when people collaterally attack convictions, and this is what makes it kind of weird is that there is the certificate of citizenship, and so it's circumvented all of the bounds of evidence that you might usually have at a sentencing that would convert a collateral attack into a mini-trial. But yes, because I think in cases like this, this is the best route, and so this is the position that we should maintain. Kind of weird often means consult higher-ups as high up as you need to go. So, I mean, you know the case Berger, B-E-R-G-E-R. Yes. That's the fundamental case for what a job of a prosecutor is. I do. Not to seek convictions, but to seek justice. I absolutely agree, Your Honor. I take that duty very seriously, and I will take what you say back to my office. I absolutely . . . Well, I don't speak for the court. I'm energetic in dialogue, and I was with opposing counsel. No, I understand. I'm inclined to tolerate it, but I did have your job for 20 years, and this is a weird case, and it could be explained as a lot of innocent oversights, but sometimes it's not best to press a court to . . . especially when Custis hasn't been briefed and parties haven't had an opportunity. But anyway . . . No, and I agree. I agree. And when the district court didn't really even, I think, rule on the issue because it didn't see it that way. Well, you have one minute to answer his question on the merits. He asserted to us that Custis is inapplicable . . . Yes. . . . legally inapplicable in the context of 3553. Do you know of a case that says that? No, I don't know of a case that says that, and I would say what you said, Your Honor, during his argument. This is an upward departure. It's not a variant. So his reference to 3553A, obviously that's always relevant to sit-insing, but the problem is this is a guidelines departure, so it's controlled by the guidelines framework. And as Your Honor has said, Custis and Longstreet have been extended to departures, and I will say even in Longstreet, that was before it was extended to upward departures, but in footnote 3 of Longstreet, they cite two cases, that panel does, where it was applied to downward departures to say no, you can't collaterally attack a conviction for the purpose of trying to get a lower sentence as a downward departure. And those two cases are Phillips out of the Eleventh Circuit and Garcia out of the Tenth Circuit. Or a skilling decision, did it not? Right, and skilling, yes, exactly, Your Honor. And you said it's unnecessary for us to reach Custis and Longstreet earlier. Did I misunderstand you? No, I think it is, but I will say that I do think . . . Is necessary to reach it or is not necessary to reach it? In retrospect, yes. No, I don't think it's necessary to give an invited error, but it would be helpful to reach it, because when you're looking at manifest injustice under invited error, the fact that Custis and Longstreet suggests that there would, that he wasn't, nothing unjust really happened to him because there's a strong possibility he wouldn't have been able to press this argument if he had made it correctly in the district court. That is one of the factors in manifest injustice, along with the ones that I pointed out in my brief. Thank you, counsel. Thank you, Your Honor. May it please the Court. So that the Court is clear, there is not a dialogue with the Western District and the government. There is not a dialogue. There is not. The dialogue is . . . that dialogue is over. We have approached the Western District and they said no. So the government coming here to tell you there is an alternate path and we hope he, you know, perhaps he'll prevail from that . . . Well, no, she just . . . she said the alternate path is all on you or his new counsel if he gets it through ineffectiveness. I think she wasn't saying . . . I did understand maybe there was a dialogue. I sure hope there is. But I think when she talked about alternate path, she was just saying you better make your Strickland motions against every prior defense counsel you've got. That's right. And if this Court regards the ultimate problem in this case as one of ineffectiveness of our trial counsel below, I don't want to speak for him. He's no longer with the office. But regards that as the problem, I certainly hope that the opinion will reflect that to the extent that the Court deems that appropriate because we want relief for our client. So as regards this Court's capacity to disregard Custis if it thinks it's a plot, it appears. The rule is that matters which are not presented in the first brief are waived. Waiver. So it is waived. Green law . . . now the Court can disregard that, but green law says in general, green law versus the United States, in general the Court rules only on matters that are presented to it by the parties. So there is nothing to prevent this Court from crafting an opinion that simply says Custis and Longstreet might well probably do apply in this situation, but because they are not presented to us, we exert . . . But if they did preserve invited and plain error arguments, the fourth prong or the third prong of each one would probably pull it back in as she sort of finished up. If we were to rigidly apply those, we would ultimately only give relief if we saw manifest error or a miscarriage, but arguably it couldn't be either if the district court had no authority to correct the problem anyway. Right? I think that's ultimately her argument as to, okay, I didn't mention Custis, but you're going to have to decide it anyway on the two arguments I did make. Well, it is a miscarriage. I mean, the miscarriage is that he was . . . The miscarriage might be owed to the failure of prior counsel to investigate his alienage back in the old cases. It is an unjust outcome in this case for his prior convictions of which he is entirely innocent. Their conceding error seems to me . . . They didn't press that it is not plain error. They're really saying prior counsel invited it. That's the government's primary thrust. So do you want to speak to that? I sure do. In 200 to 201, counsel made three statements that, to a reasonable listener, would make it clear that he was saying the defendant had birthright citizenship. And the . . . I'll get to what those are in a second. But the consequence of that is that when Judge Means asks him when did he become a citizen, he . . . I'm not speaking for him. He's not with us anymore. But my guess is he was probably thinking, I've already told him that. He must be asking when the certificate came. And so he told him when the certificate came, which was 2005. And so the three things that he said were that the . . . He had been convicted of immigration offenses even though it turned out he was a citizen,  he told him, I think, and he didn't present it as strongly as we hoped he would, but it's the heat of litigation. He said that he thinks that he got his citizenship from his mother. That comes at birth. And he said it is as though the immigration laws have been mocking him in this case. And I don't see how . . . I mean, Judge Means is an attentive judge, and that's part of the reason I think that the trial counsel below must have thought he was asking him when he got his citizen, his certificate, which is the question that he answered and exactly what he said. He got the certificate. It's not . . . In the first place, it's not invited because he didn't ask for a higher sentence on the basis of these convictions. He asked for the opposite. But he didn't even really, doesn't, in my opinion, bear the lion's share of responsibility for the misunderstanding. Your seconds clicked down again. It's not . . . Again, I'm not advising you two how to do it. It didn't sound like there was no openness to dialogue from opposing counsel. I found it to me today there was willingness. He understands the Berger decision. It may be that Means would give the same sentence. He focused on a lot of other things, but no one seems to be denying there are three federal convictions on the books that shouldn't be there. To me, there's a lot of room for dialogue there instead of . . . I sure hope so. And we'll start it again both with our colleagues here, who I understand is a reasonable person, and with the people in the Western District again. But we haven't gotten anywhere so far with a lot of effort. Thank you. Thank you.